# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : 3:15-CR-00174 |
| | : (JUDGE MARIANI) |
| **AARON BANGAROO,** | : |
| | : |
| **Defendant.** | : |

## ORDER

The background of this Order is as follows:

Jury selection and trial in this matter are currently scheduled to commence on December 11, 2017. (Doc. 54).

On August 24, 2017, Defendant filed "Supplemental Pre-Trial Motions" (Doc. 42) with an accompanying brief (Doc. 42-1). The Motions are titled as follows:

1. "Supplemental Motion to Suppress Evidence Seized Pursuant to a Warrantless Search and to a Search Warrant that was issued After the Arrest of the Defendant and After the Search had Already Been Executed;"
2. "Motion to Set Bail."

The Government subsequently filed a brief in opposition to Defendant's motions. (Doc. 45). As a result, the Court scheduled an evidentiary hearing to be held on October 12, 2017, on Defendant's first motion. (Doc. 48).

On October 7, 2017, Defendant's counsel filed an unopposed motion with the Court requesting a continuance of the suppression hearing. (Doc. 55). In support of his motion,

counsel stated that he had "has issued a Subpoena to testify for a necessary witness at the Suppression Hearing, Attorney George P. Skumanick, Jr. of Tunkhannock, Pennsylvania, who acted as the Defendant's Public Defender in State Court." Counsel further explained the efforts he had taken to serve Attorney Skumanick with the subpoena; specifically:

> As of the instant date [October 7, 2017], the Defendant has made three (3) separate attempts on three (3) separate days to serve Attorney Skumanick, both at his law office and at his home:
> (a) Instant counsel went to Attorney Skumanick's office on Warren Street in Tunkhannock and found it appearing abandoned, with mail stuffed in the door and spider webs covering the same;
> (b) After a diligent search, Attorney Skumanick's home was located on Putnam Street in Tunkhannock ; A process server then attempted service at Attorney Skumanick's home, who repeatedly knocked on the door, which was not answered although it could be seen that people were inside the home; the process server waited for three (3) hours outside the home but no one would answer the door or come out of the home;
> (c) The process server returned to the Skumanick home on another date, and again knocked and waited for one (1) hour with no answer;
> (d) Defense counsel was informed by some Wyoming County Courthouse employees that they believed Attorney Skumanick's home was being foreclosed upon and that he may be attempting to avoid service in that matter, as indicated by the home being unkept and the grass was long and uncut as compared to all other homes in the neighborhood.

(Doc. 55, at ¶ 3). Counsel therefore requested that the suppression hearing be continued on the basis that "Defendant does not believe that Skumanick will be served in adequate time before the Hearing."

On October 10, 2017, the Court granted Defendant's motion and rescheduled the evidentiary hearing for October 24, 2017. (Doc. 56).

2

On October 20, 2017, the Friday proceeding the scheduled hearing, Defendant's counsel filed a letter which "enclosed a proposed Order directing the United State [sic] Marshals Service to serve the subpoena forthwith . . . ." (Doc. 58). Although the letter does include a proposed order, the Court does not construe it as a motion. The document is not in the form of a motion, there is no supporting brief, and Defendant has failed to include a certificate of concurrence or even set forth the Assistant U.S. Attorney's position in the letter. Furthermore, the letter does not, in fact, contain a request. The letter merely states that a proposed order is enclosed directing the U.S. Marshals to serve the subpoena.

The Court also notes that the letter sets forth the exact same attempts to serve Attorney Skumanick as those set forth in the first request for a continuance. Thus, it appears that the only action Defendant's counsel took following the Court's continuance of the evidentiary hearing in order to permit counsel additional time to serve Attorney Skumanick, was to "vist[] the United States Marshal Service Office in Scranton." After being told by the Marshals' service that he needed to obtain an Order from the Court if he wanted the Marshals to serve the subpoena, Attorney Katsock waited until the Friday before the hearing to inform the Court that he has been unsuccessful in serving Attorney Skumanick and providing the Court with an Order directing that the U.S. Marshals serve Attorney Skumanick.

Pursuant to Federal Rule of Criminal Procedure 17, "[a] marshal, a deputy marshal, or any nonparty who is at least 18 years old *may* serve a subpoena." Fed. R. Crim. P. 17(d)

(emphasis added). The permissive nature of this language makes clear that ordering the U.S. Marshals to serve a subpoena, and in particular where Defendant's counsel has already had a "non-party" attempt to serve the subpoena, is within the sound discretion of the Court.[1]

To the extent that Defendant's letter is an attempt to *request* that the Court order the U.S. Marshals to serve Attorney Skumanick with the subpoena, the Court will deny this request. In addition to the reasons set forth above, namely Defendant's failure to follow the rule of procedure, lack of diligence, and untimeliness, Defendant's "request" is deficient in several other respects. First, at no time, either in the original motion to suppress evidence or in any request for a continuance of the evidentiary hearing or to have the U.S. Marshals serve Attorney Skumanick, has Defendant's counsel explained the need, or importance, of Attorney Skumanick's testimony at the evidentiary hearing.[2] Further, and of key

---

[1] Defendant's counsel is privately retained and has made clear that, at the time he approached the U.S. Marshals and requested that they serve Attorney Skumanick, he attempted to provide the U.S. Marshals with "the mandated witness fees" (Doc. 58). Thus, no argument can be made that Rule 17(b) applies to the present situation wherein "the court *must* order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense," Fed. R. Crim. P. 17(b) (emphasis added).

[2] *See* "Brief of the Defendant Regarding his Supplemental Motions" (Doc. 42-1, at 3)(explaining only that Defendant "intends to call as a witness his Public Defender in State Court that was a witness to these facts and circumstances"); Defendant's Motion "for the Continuance of the October 12, 2017 Hearing on his Motion for Suppression" (Doc. 55, at ¶¶ 2,5) (stating that Attorney Skumanick is a "necessary witness at the Suppression Hearing" and that his "testimony is both relevant and necessary to the issues raised by the Defendant in his Motion. . ."). These broad assertions fail to convey to the Court any specific reason that the testimony of Attorney Skumanick is "necessary" or in what way his expected testimony may aid the Defendant in his present motion.

importance, Attorney Katsock has failed to explain how ordering the U.S. Marshals to serve the subpoena would materially increase the likelihood of service, in light of Attorney Katsock and his process server's own repeated failures to do so. The Court will not order the U.S. Marshals to engage in a futile endeavor.

**ACCORDINGLY, THIS 23RD DAY OF OCTOBER, 2017**, upon consideration of Attorney Katsock's letter to the Court (Doc. 58), **IT IS HEREBY ORDERED** that the relief requested in Defendant's proposed Order, submitted with his letter to the Court, is **DENIED**.

Robert D. Mariani
United States District Judge